Turley, J.
delivered the opinion of the court.
At the June term, 1838, of the circuit court for Tipton county, the plaintiffs recovered a judgment on motion, against Samuel Glass, sheriff of said county, and his securities, for the sum of $5,325 39 debt, and $665 67 damages, for failure to make due and proper return of an execution in favor of plaintiffs against Daniel Vaught, William Cowan and Joseph Emmerson, upon a judgment rendered at the February term, 1838, of said court. The defendants, the securities of Glass, on the 8th day of May, 1839, filed their petition for a writ of error coram nobis, to reverse said judgment, upon the allegations that the bond upon which it was rendered had not been executed or acknowledged in open court, and had never been approved and recorded. These were assigned as causes of error, denied by the plea of the defendants in error, and issue taken thereon. Upon the trial it appeared by a certified copy of the records of the county court of Tipton, that Glass had been elected sheriff of Tipton county, and came into open court and entered into bond and security as the law requires, which bond was recorded in a book kept by the clerk of the court for that purpose, and is the bond upon which the judgment was rendered. This was held by the judge of the circuit court, not to be such an execution of the bond as to warrant a judgment by motion thereon; he, therefore, reversed the judgment rendered against the sureties, and the plaintiffs prosecute this writ of error thereon.
The act of 1777, ch. 8, sec. 2, requires that a sheriff shall enter into bond before the county court with two or more good securities in the penalty of twelve thousand five hundred dollars, payable to the Governor and his successors, which bond every county court is Required and empowered to demand and take, and cause to be acknowledged before them in open court, and recorded.
*392 Now the questions arising, are,
. 1st. Has the bond, which is the subject matter of this controversy, been acknowledged in open court by the parties who executed it ?
2d. Has it been recorded"?
We think the solution of these must depend upon ánd be answered by the records of the county court of Tipton, and not by parol proof. The record of the minutes of the court shows that the sheriff came into court and entered into bond and security as the law requires. ■ This,it is argued, is not sufficient; that nothing can be taken by intendment in favor of a correct discharge of duty by the county court, but that every thing which the law .requires to make the bond a good statutory bond, must be entered’of record in express words: that is, that the record must show, in totidem verbis, that the bond was taken payable to the Governor and his successors, in a penalty not greater than twelve thousand five hundred dollars, with tw° or more good and sufficient securities, approved by the justices, acknowledged in open court,-and recorded. To require all this would be a refinement in judicial proceedings, unwarranted, as we believe, by a single precedent, and totally at war with that practical sense which should always regulate the business transactions of life.
The county court is fully empowered to take bond and security from their sheriff. The law directs the mode in which it is to be done, and their record says that it was done as the law requires. This of necessity embraces every thing; and we must presume that the record speaks the truth; if it do, then the' bond has been properly executed and acknowledged.
But it is said, secondly, that it has not been recorded. This argument is based upon the idea, that it should have been entered upon the minute-book of the court, and not in a separate book kept for that purpose. The statute is silent as to the place where the bond shall be recorded, and the minute-book is not the only record of the court; so there can be nothing in this argument. A book procured by the court, and appropriated to the recording of such bonds, becomes as much a record of the court for that purpose, as would the minute-book itself.
We are of opinion then, that there is sufficient record evidence that this bond has been executed with all the formalities of law.— There is no decision of our court in conflict with this opinion. The *393 case of Goodwin vs. Saunders & Read, 9 Yerg. 91, only determines that if a statutory bond is not taken in conformity with the statute, the summary remedy by motion, cannot be sustained, and that when the non-conformity is assigned as error, and in nullo est erratum is replied, it operates .as a demurrer, and the error so assigned is admitted.
The judgment of the circuit court upon the writ of error, coram nobis, will, therefore, be reversed, and the judgment on motion, in layer of the plaintiffs against the securities, affirmed.